UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PO-YANG FRANK LIN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>VICTORIA BROOKS,<br><br>    Defendant. | Case No. 16-cv-03829-JSC<br><br>**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION FOR REMAND**<br><br>Re: Dkt. No. 1 |

Plaintiffs Po-Yang Frank Lin and Yuh-Wen Leu Lin (together, "Plaintiffs") brought this state-law unlawful detainer action against Defendant Victoria Brooks in the Superior Court of California for the County of Contra Costa. Brooks, proceeding pro se, subsequently removed this action to federal court. (Dkt. No. 1.[1]) Given the lack of subject matter jurisdiction appearing on the face of the complaint, the Court ordered Brooks to show cause ("OSC") as to why this case should not be remanded. (Dkt. No. 5.) Although ordered to respond to the OSC by August 3, 2016, Brooks has failed to do so.

As the parties have neither consented to nor declined the undersigned magistrate judge's jurisdiction, the Clerk of the Court is ordered to REASSIGN this action to a district court judge. For the reasons explained below, the Court recommends that the case be REMANDED.

**BACKGROUND**

Plaintiffs initiated this residential unlawful detainer action in Contra Costa County Superior Court on June 10, 2016. (Dkt. No. 1 at 6.) The complaint alleges that Brooks lives at the subject property located at 4526 Deer Meadow Way, Antioch, California 94531 and failed to pay

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  Plaintiffs $1,950.00 in rent due on the first of the month as agreed to by the parties.  (*Id*.)
2  Plaintiffs further allege that Brooks has failed to pay rent despite being served with a 3-day Notice
3  to Pay or Quit on May 27, 2016.  (*Id*. at 7.)  Plaintiffs now seek possession of the property and
4  costs incurred including past-due rent, damages, and attorney's fees.  (*Id*. at 8.)

**DISCUSSION**

6  A defendant may remove an action from state court to federal court so long as the federal
7  court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal subject matter jurisdiction under 28
8  U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in
9  excess of $75,000.  Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil
10 action to arise under the constitution, laws, or treaties of the United States.  A claim "arises
11 under" federal law only if a "well-pleaded complaint" alleges a cause of action based on federal
12 law—"an actual or anticipated defense" does not confer federal jurisdiction.  *Vaden v. Discover
13 Bank*, 556 U.S. 49, 60 (2009).  The defendant seeking removal "bears the burden of establishing
14 that removal is proper" and the "removal statute is strictly construed against removal
15 jurisdiction."  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th
16 Cir. 2009).  Further, when a case is removed to federal court, the court has an independent
17 obligation to satisfy itself that it has federal subject matter jurisdiction.  *Valdez v. Allstate Ins.
18 Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).  A case removed to federal court must be remanded
19 back to state court "if at any time before final judgment it appears that the district court lacks
20 subject matter jurisdiction."  28 U.S.C. § 1447(c).

21 Here, Brooks asserts that federal question jurisdiction exists because "Defendant's
22 Answer, a pleading[,] depends on the determination of Defendant's rights and Plaintiff's duties
23 under federal law."  (Dkt. No. 1 at 2.)  It is unclear, however, from the Notice of Removal or from
24 Brooks' answer in state court what federal laws are or may be implicated.  (*See id.* at 1-3, 9-10.)
25 Additionally, as noted above, it is the complaint that must allege a cause of action based on federal
26 law to confer federal jurisdiction—Plaintiffs' complaint for state unlawful detainer does not do so.
27 And actual or anticipated defenses raised in Brooks' answer are not sufficient to establish federal
28 jurisdiction.  *See Vaden*, 556 U.S. at 60; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393

(1987) ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense[.]") (emphasis in original).  Therefore, the Court does not have subject matter jurisdiction over this action based upon a federal question.

Further, although the Notice of Removal does not allege jurisdiction based on diversity, the Court notes that such jurisdiction does not exist in this case.  Plaintiffs' unlawful detainer action was filed in superior court as a "limited" civil case amounting to less than $10,000 in controversy. (*See* Dkt. No. 1 at 6.)  As such, the amount in controversy does not meet the jurisdictional threshold of $75,000.00 for diversity jurisdiction.  28 U.S.C. §§ 1441(b) & 1332(a).  In addition, only non-resident defendants can effect removal based on diversity jurisdiction.  *See* 28 U.S.C. § 1441(b); *Spencer v. U.S. Dist. Ct. for Northern Dist. (Altec Indus., Inc.)*, 393 F.3d 86, 87 (9th Cir. 2004).  Once any "local defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant." *Republic W. Ins. Co. v. Int'l Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (internal quotation marks omitted).  Here, the Notice of Removal and the complaint both indicate that Brooks resides at the subject property located in Antioch, California (*see* Dkt. No. 1 at 1, 6); she is thus a citizen of California.  As Brooks is a "local" defendant, removal is improper on this basis as well.

## CONCLUSION

Based on the foregoing, the Court RECOMMENDS that the newly-assigned district court judge REMAND this action to the Superior Court of California for the County of Contra Costa.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate order.

**IT IS SO ORDERED.**

Dated: August 10, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge